UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN WAYNE MYKOLAITIS,

        Petitioner,                      Case No. 10-11903
                                                  HON. GEORGE CARAM STEEH

vs.


CAROL R. HOWES,

        Respondent.

_____/

ORDER ACCEPTING AND ADOPTING
REPORT AND RECOMMENDATION [Dkt.#25], DENYING PETITIONER'S MOTION
FOR SUMMARY JUDGMENT [#9], GRANTING PETITIONER'S MOTION TO
VOLUNTARILY DISMISS CLAIMS IV-VI [#20], DENYING PETITIONER'S MOTION
FOR EVIDENTIARY HEARING AND TO EXPAND THE RECORD [#14, #16, AND #21],
DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION
FOR CERTIFICATE OF APPEALABILITY[#27]

I.  INTRODUCTION

On June 28, 2011, Magistrate Judge Paul J. Komives filed a report and recommendation recommending that the court grant petitioner's motion to voluntarily dismiss claims IV-VI, deny petitioner's petition for a writ of habeas corpus, deny petitioner's motion for summary judgment, deny petitioner's motions for evidentiary hearing and expansion of the record, and deny a certificate of appealability. On July 11, 2011, petitioner filed his objections to the report and recommendation.  Upon review of the parties' briefs, the report and recommendation, and petitioner's objections, the court concludes that the magistrate judge reached the correct conclusion for the proper reasons.  Petitioner's

petition for a writ of habeas corpus is denied and a certificate of appealability shall not issue in this matter.

## II.  ANALYSIS

### A.  Standard of Review

The standard of review to be employed by the court when examining a report and recommendation is set forth in 28 U.S.C. § 636.  This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate."  Id.

### B.  Sufficiency of the Evidence

Petitioner objects to the magistrate judge's conclusion that the Michigan Court of Appeals's rejection of petitioner's sufficiency of the evidence claim was a reasonable application of Jackson v. Virginia, 443 U.S. 307, 319 (1979).   In his objection, petitioner mistakenly asserts that "'identity of the killer' is the second element under Michigan law." Further, petitioner objects to the magistrate judge's finding that the prosecution's evidence of motive, means, opportunity and consciousness of guilt was sufficient to prove beyond a reasonable doubt that petitioner killed the victim, Cameron Sanders.

In order to determine whether there was sufficient evidence to convict petitioner of second-degree murder, the court must assess whether, "after viewing the evidence in the light most favorable to the government, 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" McKenzie v. Smith, 326 F. 3d 721, 727 (6th Cir. 2003) (citing Jackson, 443 U.S. at 319) (emphasis in original).

-2-

"[C]ircumstantial evidence alone, if substantial and competent, may support a verdict and need not remove every reasonable hypothesis except that of guilt." Id.  Under Michigan law, in order to establish second degree murder, the prosecution must show that the defendant killed a human being with malice aforethought.  In order to show malice aforethought, the prosecution must establish one of three mental states on the part of the defendant at the time of the killing: (1) intent to kill; (2) intent to commit great bodily harm; or (3) intent to create a very high risk of death or great bodily harm with the knowledge that death or great bodily harm is the probable result.  See People v. Dykhouse, 418 Mich. 488, 495; 345 N.W.2d 150, 151 (1984).

Here, the Michigan Court of Appeals was not unreasonable in concluding that a rational trier of fact could have found beyond a reasonable doubt that petitioner killed Sanders with malice aforethought.  The evidence demonstrated that petitioner and Sanders met in prison, had discussed various criminal schemes, including insurance fraud, and that once released, petitioner and Sanders formed a corporation that conducted no business, serving only as a nominal beneficiary for life insurance policies taken out on petitioner's and Sanders's lives.  The evidence also showed that petitioner and Sanders planned on faking Sanders's death in order to collect the insurance policy proceeds.  Inside Sanders's home was information on how to obtain Norwegian citizenship.  A week before the murder, petitioner called the insurance company to confirm that Sanders was up-to-date with his premium payments.  Several witnesses testified that on the night of the murder, Sanders informed them that he was going to meet his friend, "Kevin."  On the night of the murder, petitioner admitted that he met with Sanders near the Novi Twelve Oaks Mall, but claimed he left before 1:30 a.m., or the time when witnesses heard gunshots.  However, a police

car surveillance video showed petitioner's truck, a Ford F-250, identifiable because it was missing a running board on the passenger's side of the truck, in the vicinity of the crime at 1:38 a.m.   Additionally, petitioner's behavior after Sanders's death could support an inference of consciousness of guilt.   Petitioner spoke disparagingly of Sanders to several individuals, even though they were close friends.   He made threatening statements to Sanders's friend after she spoke with the police.   Prior to trial, petitioner admitted he killed Sanders to his cell mate.   Lastly, petitioner gave conflicting accounts of his actions on the night of Sanders's death during police interviews.

In light of this evidence, it was not unreasonable for the Michigan Court of Appeals to conclude that petitioner's conviction was supported by sufficient evidence.   Petitioner's objection is without merit and is overruled.

### C.   Jury Instructions

Petitioner objects to the magistrate judge's conclusion that he is not entitled to habeas relief on his claim concerning the jury instructions.   Petitioner argues that it was error for the trial court to accept the jury's verdict prior to responding to two notes sent by the jury.   Specifically, the jury's first note stated: [W]e have a procedural question, does the decision of degree of count 1 have to be unanimous; also counts 2, 3 and 4."   See May 16, 2006 Trial Tr. at 3.   The second note, received a few minutes after the first note, stated that "[w]e need more clarification of the definition of premeditated."   Id.   A few minutes later the jury sent a final note informing the court that they had reached a verdict.   Id.   Without responding to the first two notes, the court took the jury's verdict and then polled the jury. Id. at 3-7.   In order for petitioner to succeed on this claim, he must demonstrate that the jury instructions, taken as a whole, were so infirm that they rendered the entire trial unfair.   See

Estelle v. McGuire, 502 U.S. 62, 72 (1991); Hardaway v. Withrow, 305 F. 3d 558, 565 (6th Cir. 2002).

In his objection, petitioner provides conclusory arguments without factual or legal support.  Petitioner does not argue that any of the trial court's instructions were erroneous, rather he claims that the jury may have reached a decision in his favor had the court provided supplemental instructions on the jury's first two notes prior to taking the verdict. Such an argument would be persuasive if the jury had not returned a verdict acquitting petitioner of first degree murder.  Petitioner cannot show prejudice stemming from the trial court's decision to take the verdict prior to responding to the jury's notes because any confusion the jury may have had concerning the elements of first degree murder did not render the trial fundamentally unfair since petitioner was acquitted of that charge.  The record reveals that the jury was polled and that counsel for both parties indicated on the record that they were satisfied after polling of the jury was complete.  See May 16, 2006 Trial Tr. at 7.  Additionally, the trial court did not unreasonably delay in responding to the jury's first two notes.   When the first note was received, the judge asked for counsel to return to the courtroom.  The jury provided the second note, and the note indicating a verdict had been reached within minutes of submitting the first note.  Id.  at 3.

Therefore, the magistrate judge reached the correct recommendation as to plaintiff's jury instruction claim, petitioner's objection is overruled and he is not entitled to relief on this claim.

D. Prosecutorial Misconduct

Petitioner next objects to the magistrate judge's conclusion that the Michigan Court of Appeals's decision rejecting petitioner's claim,  that the prosecutor's use, during closing

argument, of petitioner's alleged pre-arrest silence as substantive evidence of petitioner's guilt, was a reasonable application of clearly established federal law.  This claim rests on the prosecutor's argument during closing highlighting Detective Victoria Lauria's testimony that Lauria went to great efforts to schedule an interview with petitioner to discuss the death of Sanders.  Specifically, the prosecutor argued that: "Mr. Mykolaitis has supposedly lost one of his best friends, his business partner, the godfather to his children, and the Novi Police Department has to spend 11 days negotiating him to come in and talk about what happened to his friend."  See May 10, 2006 Trial Tr. at 128.

To the extent petitioner's objection rests on the theory that the prosecutor's comment infringed upon his right to counsel because petitioner had a right to have counsel present during his interview with detective Lauria, such an argument is without merit.  At the time that detective Lauria was making arrangements for petitioner's interview, petitioner's Fifth and Sixth Amendment rights to counsel had not attached.  Lauria's attempts at arranging petitioner's interview occurred in early April of 2003 and petitioner was subsequently interviewed on April 25, 2003 and May 29, 2003.  See May 8, 2006 Trial Tr. at 282-91.  There are no facts suggesting that petitioner was "in custody" at this time, nor had formal adversary judicial criminal proceedings been initiated.

The Fifth Amendment right to counsel attaches when a defendant specifically requests counsel during a "custodial interrogation."  See McNeil v. Wisconsin, 501 U.S. 171, 182 n.3 (1991). "For an individual to be 'in custody,' there must be a formal arrest or restraint on freedom of movement of the degree associated with formal arrest."  United States v. Mahan, 190 F. 3d 416, 421 (6th Cir. 1999).  Additionally, the Sixth Amendment right to counsel does not attach until the initiation of adversary judicial criminal proceedings.

See Moore v. Illinois, 434 U.S. 220, 226-27 (1977).  Petitioner was not in custody during the time period discussed by the prosecutor during his closing argument, nor had criminal proceedings commenced against petitioner.

Further, the Supreme Court has never held that the use of a defendant's pre-arrest silence not induced by Miranda violates the Fifth Amendment.  See Combs v. Coyle, 205 F. 3d 269, 283 (6th Cir. 2000).   While it is true that the Combs court held that a defendant's use of pre-arrest silence as substantive evidence of guilt violates the Fifth Amendment privilege against self-incrimination, the Combs court also noted the circuit split on this issue.[1] Id.

This court may only look to the holdings of the Supreme Court as of the time of the relevant state-court decision, and it may not look to lower federal court decisions to formulate "clearly established" law.  Lockyer v. Andrade, 538 U.S. 63, 71 (2003); see also, Mitzel v. Tate, 267 F. 3d 524, 530-31 (6th Cir. 2001).   The Supreme Court has never held that the Fifth Amendment is violated by the use of a defendant's pre-arrest silence.  This fact, coupled with the "equally divided" circuit court decisions on this issue precludes this court from concluding that the Michigan Court of Appeals's rejection of petitioner's prosecutor misconduct claim was contrary to, or an unreasonable application of clearly established law.

Petitioner's reliance on United States v. Bridwell, 583 F. 2d 1135 (10th Cir. 1978) is misplaced as the facts in Bridwell are inapposite to the facts in petitioner's case.  In

---

[1]  The decision in Combs is not controlling here because it was decided prior to the enactment of AEDPA, therefore it was decided under a de novo standard of review. Jones v. Trombley, No. 07-1419, 304 Fed. Appx. 931 (6th Cir. Jan. 22, 2009).

Bridwell, the court concluded that a defendant's privilege against self-incrimination was violated when an agent testified that the defendant had refused to sign a waiver of his Miranda rights, and refused to talk with the agent after he was provided his Miranda warnings.  Id. at 1138.  The same fact pattern is present in another case relied on by petitioner, United States v. Wycoff, 545 F. 2d 679, 681 (9th Cir. 1976), where the alleged error advanced by the defendant was an agent's testimony that the defendant refused to sign a form waiving his Miranda rights.  Id.

Lastly, the court notes that the record suggests that the prosecutor was not commenting on petitioner's silence, but on his lack of cooperation with scheduling an interview to speak with law enforcement.    For the above reasons, petitioner's objection is overruled.

### E.  Ineffective Assistance of Counsel

Petitioner's objection to the magistrate judge's conclusion that habeas relief is unwarranted on petitioner's claim of ineffective assistance of counsel is unspecific and vague.  Petitioner merely states that he disagrees with the magistrate judge's conclusion. Petitioner is required to state all objections with specificity.  See Willis v. Secretary of Health & Human Servs., 931 F. 2d 390 (6th Cir. 1987).  In any event, the court agrees with the magistrate judge that petitioner has failed to demonstrate that counsel was deficient in his performance or resulting prejudice from counsel's alleged deficient performance. See Strickland v. Washington, 466 U.S. 668 (1984).  Petitioner is not entitled to relief on this claim, and his objection is overruled.

### F.  Certificate of Appealability

Lastly, the magistrate judge correctly found that petitioner is not entitled to a

certificate of appealability.  Before petitioner may appeal the court's decision denying his petition for a writ of habeas corpus, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b).   The court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue.  28 U.S.C. § 2253(c)(3)(B); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F. 3d 1306, 1307 (6th Cir. 1997).   A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   This standard requires that petitioner "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack, 529 U.S. at 484).   Petitioner is not entitled to a certificate of appealabiltiy because he has failed to demonstrate a substantial showing of the denial of a constitutional right, jurists of reason could not conclude this court's decision on petitioner's claim is debatable or wrong.

III.  CONCLUSION

For the reasons set forth above, Magistrate Judge Paul Komives' June 28, 2011 report and recommendation is ACCEPTED and ADOPTED as this court's conclusions of law.

Petitioner's motion to voluntarily dismiss claims IV-VI is GRANTED.

Petitioner's motion for summary judgment is DENIED.

Petitioner's motions for evidentiary hearing and for expansion of the record are DENIED.

Petitioner's petition for a writ of habeas corpus is DENIED and this cause of action

is dismissed.

Petitioner's motion for a certificate of appealability is DENIED.  Leave to proceed *in forma pauperis* on appeal is denied.  *See* Fed. R. App. P. 24(a)(3)(A).

SO ORDERED.

Dated:  August 16, 2011

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 16, 2011, by electronic and/or ordinary mail and also to Kevin Mykolaitis at Lakeland Correctional Facility, 141 First Street, Coldwater, MI 49036.

S/Josephine Chaffee
Deputy Clerk